a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RYNELL JEFFERSON #605401, Plaintiff | CIVIL DOCKET NO. 1:22-CV-01247 SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| LALA B SYLVESTER ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint (ECF No. 1) filed by pro se Plaintiff Rynell Jefferson ("Jefferson"). Jefferson is a pretrial detainee at the Natchitoches Parish Detention Center ("NPDC"). He seeks a bail reduction and compensatory damages.

Because Jefferson fails to state a claim for which relief can be granted, his Complaint should be DENIED and DISMISSED.

I. Background

Jefferson alleges that he was arrested on March 31, 2022, for attempted second-degree murder "for someone shooting a gun at [his] grandmother's home…." ECF No. 1 at 3. He claims that bail was set at $1 million dollars by Judge Lala Sylvester.

Jefferson also complains that he was placed in lockdown by Safety and Guidelines Officer Reliford "for telling her [he] was filing a lawsuit" against NPDC.

1

*Id.* Jefferson alleges that the lockdown cell had "gnat larvae in the toilet system," and he was not afforded an hour outside of the cell each day for eight days. *Id.*

II. **Law and Analysis**

    A. **Jefferson's Complaint is subject to preliminary screening.**

Jefferson is an inmate who has been allowed to proceed *in forma pauperis*. ECF No. 4. As a prisoner seeking redress from an officer or employee of a governmental entity, Jefferson's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (*per curiam*). Because he is proceeding *in forma pauperis*, Jefferson's Complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for sua sponte dismissal of the Complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief

that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

### B. Judge Sylvester is immune from suit.

Jefferson seeks damages from Judge Sylvester for setting an unreasonably high bail amount. "Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Jefferson's complaints about Judge Sylvester arise exclusively from the execution of a judicial function and the claim should be dismissed.

Jefferson also seeks a reduction in the amount of bail so that he can be released from custody. Such relief can only be obtained through a habeas petition after seeking relief in the state courts. *See Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987).

### C. Jefferson fails to allege a physical injury.

Jefferson seeks compensatory damages from Roger Henson and Tony Reliford for the alleged violation of his constitutional rights at NPDC. No federal civil action may be brought by a prisoner for mental or emotional injury suffered while in custody without a prior showing of physical injury. 42 U.S.C. § 1997e(e). And the injury must

be more than *de minimis*. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) ("Without an allegation of a more than de minimis physical injury," a prisoner plaintiff's complaint lacks any merit.").

Jefferson does not allege that he suffered any physical injury from his placement in lockdown. *See Field v. Corrs. Corp. of Am. Inc.*, 364 F. App'x 927, 930 (5th Cir. 2010) (affirming dismissal of condition of confinement claim where inmate claimed denial of recreation or exercise but did not allege physical injury); *Wojtowicz v. Lubbock Cnty. Det. Ctr.*, 5:19-CV-163, 2020 WL 908544, at *4 (N.D. Tex. 2020), *report and recommendation adopted*, 2020 WL 906304 (N.D. Tex. 2020); *Hmeid v. Nelson Coleman Corr. Ctr.*, 18-3449, 2018 WL 4922381, at *17–18 (E.D. La. 2018) (dismissing inmate's claim that Eighth Amendment required forty-five minutes of recreation time every day). Therefore, his claim should be denied.

### III. Conclusion

Because Jefferson fails to state a claim for which relief can be granted, IT IS RECOMMENDED that his Complaint (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE under §§ 1915(e) and 1915A.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

5

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, June 21, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE